IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BRET D. LANDRITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-cv-00401-DGK |
| | ) |
| FARMERS INSURANCE COMPANY, | ) |
| INC., | ) |
| JAMES ANDREW BINGLEY, | ) |
| MORROW WILLNAUER CHURCH LLC, | ) |
| and | ) |
| BROWN & JAMES PC | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM, DENYING MOTION TO CERTIFY A CONSTITUTIONAL CHALLENGE, AND REMANDING CASE TO THE CIRCUIT COURT FOR JACKSON COUNTY, MISSOURI**

Pro se Plaintiff Bret Landrith brings this claim against Farmers Insurance Co. ("Farmers"), as well as its attorneys—Morrow Willnauer Church, LLC, Brown & James PC, and in-house counsel James Andrew Bingley—alleging that Farmers refused to cover damage to his vehicle. Now before the Court are Defendants' motions to dismiss, ECF Nos. 8, 15, 27, and Plaintiff's motion to certify a constitutional challenge to Federal Rule of Civil Procedure 81(c)(1), ECF No. 24. Defendants' motions are GRANTED, and Plaintiff's motion is DENIED.

Because the Court declines to exercise its jurisdiction over Plaintiff' remaining state-law claim, this case is REMANDED to the Circuit Court for Jackson County, Missouri.

**Standard of Review**

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[]."

*Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). However, "the Court is not bound to accept as true a legal conclusion couched as a factual allegation." *Warmington v. Bd. of Regents of Univ. of Minn.*, 998 F.3d 789, 796 (8th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This is because defendant must receive fair notice of what the claim is and the grounds on which it rests. *Id.* at 565. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

In reviewing the complaint, the Court construes it liberally and draws all reasonable inferences from the facts in Plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

**Discussion**

On October 26, 2018, pro se Plaintiff Bret D. Landrith was involved in a four-car accident on I-435 in Kansas City, Missouri. At the time of the accident, Landrith maintained an auto insurance policy with Defendant Farmers Insurance Company, Inc. ("Farmers"). As best the Court can tell, Landrith submitted to Farmers claims for damage to his vehicle, and Farmers denied the claims. Compl. ¶ 32, 34. On January 30, 2019, another driver involved in the accident sued Landrith in the Circuit Court for Jackson County, Missouri ("the underlying litigation"). *See* Compl. at 2, ¶¶ 6–11, 61, ECF No. 1-1; Farmers' Mot. to Dismiss ¶ 6, ECF No. 15; Petition, *Williams v. Landrith*, No. 1916-CV03172 (Jackson Cnty. Cir. Ct. filed January 1, 2019). Farmers defended Landrith in that action. *Id.*

2

Landrith is a disbarred attorney, and on August 26, 2019, he attempted to bring a pro se third-party complaint against Farmers for its failure to cover the damage to his vehicle. Compl. ¶¶ 32, 51, 65; *see also* Third-Party Pet., *Williams v. Landrith*, No. 1916-CV03172 (Jackson Cnty. Cir. Ct. filed August 26, 2019). On September 11, 2019, Jackson County Circuit Court Judge Jalilah Otto struck Landrith's third-party complaint. Compl. at 2, ECF No. 1-1. On December 19, 2021, Landrith filed a motion for leave to amend his third-party complaint, which Judge Otto denied on March 4, 2022. *Id.*

On April 6, 2022, Landrith filed this action against Farmers, as well as the various attorneys who represented Farmers in the underlying litigation, in the Circuit Court for Jackson County, Missouri. Compl., ECF No. 1-1. Defendants removed to this Court. Notice, ECF No. 1.

## I. Defendants' motions to dismiss are GRANTED.

Landrith's first claim alleges that Farmers denied his claims for damage to his vehicle without reasonable cause. *See* Mo. Rev. Stat. § 375.420. Landrith has included sufficient factual allegations to support this claim, and Farmers does not move to dismiss Landrith's Count I.

Landrith's second through fifth claims, also against Farmers, assert causes of action related to the alleged breach of the insurance policy—anticipatory breach/repudiation (Count II), breach of the duty of good faith and fair dealing (Count III), fraud in the inducement (Count IV), and negligent inducement (Count V). Farmers moves to dismiss Counts II through V.

To the extent these claims articulate any legal theory which might entitle Landrith to relief, they lack any factual allegations which allow the Court to draw a reasonable inference in support of the claims. For example, a claim for anticipatory breach requires a plaintiff allege that the defendant intends to breach a contract in the future. *Missouri Consol. Health Care Plan v. BlueCross BlueShield of Missouri*, 985 S.W.2d 903, 908 (Mo. Ct. App. 1999). ("[T]he proof

3

elements of a claim for anticipatory breach of contract are essentially the same as those for breach of contract, with the only difference being that the breach and damages have yet to occur."). Here, Landrith alleges that Farmers' denial of his claims occurred previously: in 2018 and 2019. Regarding a claim for breach of the duty of good faith and fair dealing, no such claim is available here. *Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 67 (Mo. 2000) ("When an insurance company wrongfully refuses payment of a claim to its insured, the company has simply breached its contract. . . . No tort claim has supplanted or supplemented the basic contract claim and remedy where an insurance company wrongfully refuses to pay a loss incurred by its own insured."). Regarding Landrith's claims for fraud in the inducement and negligent inducement, Landrith includes no factual allegations that Farmers made any false statements which induced him to take out the insurance policy. As such, Farmers' motion is GRANTED in regard to Landrith's Counts II, III, IV, and V.

Landrith's sixth through eighth claims—against both Farmers and its legal counsel—seem to allege that the defendants conspired to prevent Landrith from accessing Missouri courts to vindicate his alleged rights under the policy. Landrith alleges that the defendants did this in retaliation for his previous representation of minority clients. Again—assuming these claims articulate any legal theory which might entitle Landrith to relief—they lack any factual allegations which allow the Court to draw a reasonable inference in support of the claims. The defendants' motions are GRANTED in regards to Landrith's Counts VI, VII, and VIII.

II. **Landrith's motion for certification of a constitutional challenge to Fed. R. Civ. P. 81(c)(1) is DENIED.**

Landrith's responses to the motions to dismiss argue that the federal pleading standard under Rule 12(b)(6) is unconstitutional, and that the Court is therefore required to apply the Missouri pleading standard. *See also* Mot. for Certification, ECF No. 24. As such, Landrith moves

the court to certify to the Attorney General that he challenges the constitutionality of Federal Rule of Civil Procedure 81(c)(1)—the rule which mandates that the federal pleading standards apply to civil actions removed from state court. *Id.* However, Missouri's fact-pleading standard is more stringent than the federal standard. *Green v. Penn-America Ins. Co.*, 242 S.W.3d 374, 379 (Mo. App. W.D. 2007) ("Compared to its federal analogue, notice pleading, fact pleading demands a relatively rigorous level of factual detail."). Thus, Plaintiff's failure to state a claim under the Federal Rules of Civil Procedure means that he has also failed to state a claim under the Missouri Rules of Civil Procedure. *See Jennings v. Bd. of Curators of Mo. State Univ.*, 386 S.W.3d 796, 798 (Mo. App. S.D. 2012). Plaintiff's motion is therefore DENIED.

**III.     This case is REMANDED to the Circuit Court for Jackson County, Missouri.**

Defendants removed this case to this Court on the basis of Landrith's federal claim,[1] which the Court has now dismissed. Under 28 U.S.C. § 1367(c), the Court may decline to exercise supplemental jurisdiction over remaining state law claims "where it has dismissed all claims over which it has original jurisdiction." When deciding whether to exercise supplemental jurisdiction over such remaining state law claims, the Court considers whether doing so would promote "judicial economy, convenience, fairness, and comity." *Wilson v. Miller*, 821 F.3d 963, 970 (8th Cir. 2016). Generally, where all federal-law claims are eliminated before trial, these factors "will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (citing *Johnson v. City of Shorewood*, 360 F.3d 810, 819 (8th Cir. 2004)). After review of Plaintiff's remaining claim, the Court sees no reason to depart from the general rule in this case. Plaintiff's sole remaining claim—for vexatious refusal to pay in violation of Mo. Rev. Stat. § 375.420—is REMANDED to the Circuit Court for Jackson County, Missouri.

---

[1] Landrith's Count VI alleged violations of 15 U.S.C. § 1981.

5

## Conclusion

Defendants' motions to dismiss, ECF Nos. 8, 15, and 27, are GRANTED, and Landrith's Counts II through VIII are DISMISSED WITHOUT PREJUDICE. Landrith's motion to certify his constitutional challenge to Rule 81(c)(1) is DENIED. The Clerk of the Court is directed to remand this case back to the Circuit Court of Jackson County, Missouri.

**IT IS SO ORDERED.**

Date:  September 16, 2022  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT