IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BRET D. LANDRITH, | ) |
|     Plaintiff, | ) |
| v. | ) No. 4:22-cv-00401-DGK |
| FARMERS INSURANCE COMPANY, INC., et al., | ) |
|     Defendants. | ) |

## ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD ON APPEAL

Now before the Court is Plaintiff's Pro Se Motion to Supplement the Record on Appeal. ECF No. 58. On September 16, 2022, the Court granted Defendants' motion to dismiss Counts II–VIII, denied Plaintiff's motion to certify his constitutional challenge, and remanded Plaintiff's remaining claim (vexatious refusal to pay in violation of Mo. Rev. Stat. § 375.420) to the Circuit Court for Jackson County, Missouri. Order, ECF No. 54. On September 23, 2022, Plaintiff filed his pro se notice of appeal, ECF No. 55, and this motion to supplement the record on appeal to include two discovery documents: (1) Plaintiff's initial request for production from Defendant Farmers Insurance Company, Inc.; and (2) Plaintiff's initial request for production from Defendant Brown & James Law, PC, ECF No. 58.

Plaintiff states these documents were not included in the record pursuant to Local Rule 26.3[1] and claims the documents will show that he could have proven his 42 U.S.C. § 1981 claim.

---

[1] Parties are generally not permitted to file discovery documents (such as requests for production) with the Court when they are served. L.R. 26.3. However, this does not prevent parties from ever filing them; they can be filed in support of discovery disputes and other motions.

Plaintiff relies on Federal Rule of Appellate Procedure Rule 10 in support. Defendants did not respond.

Under Rule 10(e)(1), "[i]f any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly." "The purpose of Rule 10(e)(1) is to supplement the record, and 'not to supply . . . [a] new record never before the District Court and never considered by it.'" *Keating v. Nebraska Pub. Power Dist.*, 2010 WL 2884915, at *1 (D. Neb. July 20, 2010) (quoting *United States v. First Nat'l State Bank of New Jersey*, 616 F.2d 668, 671 n.4 (3d Cir. 1980)); *see United States v. Gammage*, 580 F.3d 777, 779 (8th Cir. 2009) (refusing to supplement record on appeal with documents the district court did not remember or consider in its sentencing decision); *see also Rohrbough v. Wyeth Lab'ys, Inc.*, 916 F.2d 970, 973 n.8 (4th Cir. 1990) (district court properly refused to supplement record on appeal with discovery documents since plaintiffs never filed the documents with the district court or brought them to the court's attention, and the court, therefore, did not consider the documents when granting summary judgment).

Here, it is clear the Court never considered the discovery documents in its September 16, 2022, order. Plaintiff served the documents on Defendants just days before (on September 7 and 8, 2022) the Court issued its order and failed to bring the documents to the Court's attention until now. As such, this Court lacks the authority to supplement the record on appeal. *See* Fed. R. App. P. 10(e)(3) ("All other questions as to the form and content of the record must be presented to the court of appeals."); *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 988 F.2d 61, 64 (8th Cir. 1993) (Appellate courts have the authority to consider evidence outside the record when the interests of justice so demand.). Plaintiff's motion is, therefore, DENIED.

**IT IS SO ORDERED.**

2

Date:   February 14, 2023          /s/ Greg Kays
                                   GREG KAYS, JUDGE
                                   UNITED STATES DISTRICT COURT